# United States Court of Federal Claims

No. 12-472 C
August 10, 2012
(Unpublished)

**Romie David Bishop and**
**Shirley Ann Bishop,**

*Plaintiffs,*

**v.**

**The United States of America**

*Defendant.*

## ORDER DISMISSING CASE

*Pro se* plaintiffs filed a complaint in this court on July 26, 2012, seeking declaratory relief, attorney fees, and costs pursuant to 42 U.S. §§ 1983 and 1988, Pl.'s Compl. at ¶ 1, 37, ECF No. 1. In addition to the United States, plaintiffs name as defendants the United States Bankruptcy Court for the District of Delaware, the Third Circuit Court of Appeals, the Honorable Judge Brendon Linehan Shannon, and the Honorable Chief Judge Kevin Gross.

The Tucker Act grants this jurisdiction over claims "against the United States founded upon the Constitution, or any Act of Congress or any regulation of an executive department, or any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). However, the Act does not provide any substantive right to relief. *United States v. Testan*, 424 U.S. 392, 401 (1976). Thus, a plaintiff seeking relief must base his claim on a separate money-mandating source of law. *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998).

In relying on Sections 1983 and 1988, plaintiffs have failed to identify a money-mandating source of law that can give rise to an action in this court. *See Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012) ("[T]he court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983 . . . and § 1988."). Moreover, even if plaintiffs had identified a money-mandating source of law, the court would have no jurisdiction to hear any claim against any of the named defendant's except for the United States. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Accordingly, plaintiffs' **CASE** is hereby **DISMISSED** for lack of subject matter jurisdiction. *See* Rule 12(h)(3), Rules of the United States Court of Federal Claims.

The Clerk is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

 

 

_____

Lawrence J. Block
Judge